UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANTOS CASTRO-MOTA,<br><br>　　　　Petitioner<br><br>　　v.<br><br>LESLIE LOVERIDGE, *et al*.<br><br>　　　　Respondents. | CIVIL ACTION NO. 3:24-cv-00996<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

This is a *pro se* habeas corpus action arising under 28 U.S.C. § 2254 filed by Petitioner Santos Castro-Mota ("Castro-Mota") challenging his conviction in the Bucks County Court of Common Pleas. (Doc. 1). However, the Middle District of Pennsylvania is not the proper venue for this action. Therefore, the court will transfer this action to the Eastern District of Pennsylvania.

I. **BACKGROUND AND PROCEDURAL HISTORY**

On June 17, 2024, Castro-Mota, an inmate currently confined in the Indiana County Jail in Indiana, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Doc. 1). He challenges a sentence imposed by the Bucks County Court of Common Pleas. (Doc. 1). There is also a pending motion to proceed *in forma pauperis*. (Doc. 5). For the reasons outlined below, the Court will transfer the action to the United States District Court for the Eastern District of Pennsylvania.

**II.    DISCUSSION**

Petitioner is challenging his 2018 sentence in the Bucks County Court of Common Pleas. (Doc. 1). The district in which Petitioner was convicted is the Eastern District of Pennsylvania. *See* 28 U.S.C. § 118(a).

In states with two or more federal judicial districts, a state prisoner may file a habeas petition in one of two federal district courts: (1) the federal judicial district where the prisoner is in custody; or (2) the federal judicial district where the state court of conviction is located. 28 U.S.C. § 2241(d). Each of those districts have "jurisdiction to entertain the petition." 28 U.S.C. § 2241(d). Section 2241(d), however, also provides that a district court "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's § 2254 petition to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." 28 U.S.C. § 2241(d). Additionally, 28 U.S.C. § 1404 vests a district court with the authority to transfer any civil action, "for the convenience of the parties and witnesses, in the interest of justice," to any district where the action might have been brought. 28 U.S.C. § 1404(a).

In this case, Castro-Mota is currently incarcerated at Indiana County Jail, which is located in Indiana County and within the territorial boundaries of the Western District of Pennsylvania. *See* 28 U.S.C. 118(c). In his petition, Castro-Mota challenges the validity of his sentence which was obtained in the Bucks County Court of Common Pleas, which is located within the territorial boundaries of the Eastern District of Pennsylvania. *See* 28 U.S.C. § 118(a). Therefore, the Middle District of Pennsylvania is not the proper venue for this action under Section 2241(d).

Since the trial court, as well as any records, witnesses and counsel, are located within the United States District Court for the Eastern District of Pennsylvania, the Court will transfer this action to the Eastern District.

## III.    CONCLUSION

For the reasons set forth above, the Court will transfer the above captioned action to the United States District Court for the Eastern District of Pennsylvania. The Court will leave the pending motion to proceed *in forma pauperis* (Doc. 5) to be addressed by the Eastern District of Pennsylvania. A separate Order will be entered.

Dated: July 19, 2024                                                                  *s/ Karoline Mehalchick*
                                                                                  **KAROLINE MEHALCHICK**
                                                                                   **United States District Judge**